IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:16-CR-174 1H
No.: 5:17-CV-368-H

JESSIE LAMONT SCRIVEN,     )
                           )
     Petitioner,           )
                           )
                           )
v.                         )          **ORDER**
                           )
                           )
UNITED STATES OF AMERICA,  )
                           )
     Respondent.           )

This matter is before the court on the government's motion to dismiss [DE #40] petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Petitioner has responded [DE #43] to the government's motion, and this matter is ripe for adjudication. Petitioner also filed a motion for preliminary hearing [DE #44], which the court denies in light of the findings herein. Petitioner filed a motion to amend his motion to vacate [DE ## 49 and 50] which the court grants and considers herein. Finally, petitioner filed motions [DE ## 47 and 52] to amend this court's order granting in part and denying in part a motion for production of documents. Finding no reason to alter or amend its prior order, these motions are denied.

**STATEMENT OF THE CASE**

On September 12, 2016, petitioner pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He was sentenced by this court on December 6, 2016, to a term of imprisonment of 96 months. Petitioner did not appeal. On July 21, 2017, petitioner filed this timely motion to vacate pursuant to 28 U.S.C. § 2255.

**COURT'S DISCUSSION**

The petitioner raises the following claims, all alleging ineffective assistance of counsel: (1) that his counsel failed to challenge that he committed his offense subsequent to sustaining at least two felony convictions for a crime of violence or controlled substance offense, affecting his base offense level under USSG § 2k2.1(a)(2)[1]; (2) that his counsel failed to challenge the four-level enhancement to his offense level based on USSG § 2K2.1(b)(1)(6)(B); and (3) that his counsel should have investigated and presented mitigating evidence about his impaired mental condition at the time of the offense.

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's

---

[1] In petitioner's addendum to his § 2255 motion [DE #49 and #50], defendant provides additional authority for this argument.

performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Courts must make "every effort . . . to eliminate the distorting effects of hindsight," Strickland, 466 U.S. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

I.  Base Offense Level

As detailed in the government's memorandum in support of its motion to dismiss, petitioner's first claim fails because he did sustain two convictions for a controlled substance offense prior to the commission of the instant offense, both which were punishable by terms of imprisonment exceeding one year, resulting in a base offense level of 24 under USSG 2K2.1(a)(2). [See PSR ¶¶ 29-30, 31].

II.  Four Level Enhancement

Petitioner's claim that his counsel failed to challenge the four-level enhancement to his offense level based on USSG § 2K2.1(b)(1)(6)(B) is without merit as counsel did object in writing to the enhancement in the draft PSR. Therefore, this claim is without merit.

III.  Mitigating Factors

Finally, petitioner argues his counsel was ineffective for failing to investigate and present information on his mental status at the time of the offense to the court as mitigating evidence. Petitioner has not shown what evidence of mental health problems existed that could have been presented to the court. While he indicates he has been diagnosed with post traumatic stress disorder (PTSD) and schizophrenia, records obtained by the probation officer for the PSR did not confirm a schizophrenia diagnosis. There was a possible diagnosis of

4

PTSD, which the court was made aware of through the PSR. Further, counsel did file a sentencing memorandum, touching on petitioner's difficult upbringing. Therefore, the court finds no merit to this claim.

Petitioner has not shown that the actions of his attorney fell below any reasonable standards, as required by Strickland or that he was prejudiced by any errors and that but for those alleged errors the results of this case would have been different. Strickland, 466 U.S. at 694.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE #40] is GRANTED, the motions at DE ## 44, 47 and 52 are DENIED and the motion to amend [DE ## 49 and 50] is GRANTED.

The clerk is directed to close the case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist

5

would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 19th day of November 2019.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#26