IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-174-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| JESSIE LAMONT SCRIVEN ) | |

This cause comes before the Court on defendant's *pro se* motion for a reduction in his term of supervised release pursuant to the First Step Act. [DE 119]. Specifically, defendant asks the Court to apply to his term of supervised release earned time credits which would have applied to his sentence of incarceration pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act).

Defendant was sentenced to a term of ninety-six months imprisonment following his plea of guilty to violating 18 U.S.C. § 922(g). [DE 32]. His term of imprisonment is to be followed by three years of supervised release. *Id.* Defendant was released on July 1, 2022, and commenced his term of supervised release. Defendant asks the Court to reduce his term of supervised release by 200 days, contending that the Bureau of Prisons awarded him only 180 days of his earned 380 days of earned time credit.

The First Step Act, among other things, allows eligible inmates who complete particular courses or participate in certain activities to be awarded additional time credits. 18 U.S.C. § 3632(d)(4). The First Step Act provides that these time credits "shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." *Id.* § 3632(d)(4)(C).

However, even if the Court were to conclude that defendant is eligible for additional First Step Act time credit, "excess prison time cannot offset and reduce a term of supervised release." *Wilson v. Andrews*, No. 1:20CV470 (RDA/MSN), 2020 WL 5891457, at *4 (E.D. Va. Oct. 5, 2020). Accordingly, multiple courts have concluded that the phrase "shall be applied toward time in . . . supervised release" "in fact refers to early *transfer* to supervised release." *Brian Michael Burton v. Warden M.L. King*, Case No. 5:22-HC-2003-FL, D.E. 22, at 9 (E.D.N.C. Mar. 27, 2023) (emphasis added). The court in *Burton* engaged in a thorough analysis of the statutory provision at issue and concluded, like other courts to have considered the same, that a defendant is "not entitled to apply his additional [Fair Sentencing Act] time credits to reduce his term of supervised release because the statute does not allow it." *Id.* at 16; *see also United States v. Calabrese*, No. 1:11-cr-00437, 2023 U.S. Dist. LEXIS 24259, at *5 (N.D. Ohio Feb. 13, 2023) (listing cases holding same).

Accordingly, this Court is persuaded that the statutory provision relied upon by defendant does cannot provide him with the relief he seeks. Thus, even if he were to be found eligible for additional time credits, they could not be applied to reduce his term of supervised release.

## CONCLUSION

Defendant's motion [DE 119] is therefore DENIED.

SO ORDERED, this ___ day of September 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:16-cr-00174-BO   Document 127   Filed 09/07/23   Page 2 of 2